Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 416
San Jose, California 95113-2404
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
HERMINIA LORENZO CRUZ

E-FILING

ORIGINAL FILED
MAR 28 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

ADR

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| HERMINIA LORENZO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>BIDNA & KEYS, A PROFESSIONAL LAW CORPORATION, a California corporation,<br><br>Defendant. | Case No. C06-02233 JW<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**    HRL<br><br>15 United States Code § 1692 *et seq.* |

Plaintiff, HERMINIA LORENZO CRUZ (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1.  This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337.

3.  This action arises out of Defendant's violations of the Fair Debt Collection

1  Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III.  VENUE

4.  Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV.  INTRADISTRICT ASSIGNMENT

5.  This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V.  PARTIES

6.  Plaintiff, HERMINIA LORENZO CRUZ (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

7.  Defendant, BIDNA & KEYS, A PROFESSIONAL LAW CORPORATION, (hereinafter "BIDNA & KEYS"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at 5120 Campus Drive, Newport Beach, Orange County, California  92660-2101.  BIDNA & KEYS may be served as follows:  Bidna & Keys, Richard D. Keys, Agent for Service of Process, 5120 Campus Drive, Newport Beach, Orange County, California  92660-2101.  The principal business of BIDNA & KEYS is the collection of debts using the mails and telephone, and BIDNA & KEYS regularly attempts to collect debts alleged to be due another.  BIDNA & KEYS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## VI. FACTUAL ALLEGATIONS

8.  On a date or dates unknown to the Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a credit card account issued by Discover Bank and bearing the account number XXXX-XXXX-XXXX-0882 (hereinafter "the alleged debt").  The alleged debt

was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Sometime thereafter on a date unknown to the Plaintiff, the alleged debt was consigned, placed, or otherwise transferred to Defendant for collection from the Plaintiff.

10. Thereafter Defendant sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. The collection letter was sent in an envelope on which a postage cancellation stamp dated November 7, 2005, was imprinted.

12. Plaintiff is informed and believes, and thereon alleges that Defendant deposited the envelope containing the collection letter (Exhibit "1") in the United States Mail on or about November 7, 2005.

13. Plaintiff received the envelope containing the collection letter (Exhibit "1") from Defendants on or after November 8, 2005.

14. The collection letter (Exhibit "1") is dated November 7, 2005.

15. The collection letter (Exhibit "1") was the first and only communication from Defendant that was received by the Plaintiff in connection with the collection of the debt owed to Discover Bank.

16. The collection letter (Exhibit "1") states:

> Unless you notify me of a dispute regarding the validity of the debt, or any portion thereof, within 30 days after receiving this letter, we will assume that the debt is valid. If you notify us in writing within 30 days from receiving this letter that the debt or any portion thereof is disputed, we will obtain verification of the debt. We will also, upon your request in writing within the 30 day period, mail to you the name and address of the original credit grantor, if different than the current creditor.

### VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

18. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

1 through 16 above.

2  19. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

4  20. Defendant, BIDNA & KEYS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

6  21. The financial obligation allegedly owed to Discover Bank by the Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

8  22. The collection letter (Exhibit "1") described above violates the FDCPA. The violations include, but are not limited to, the following:

   a. Defendant misrepresented the Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

   b. Defendant failed to inform the Plaintiff that Defendant would send her a copy of the verification or judgment against her if she requested verification of the alleged debt in writing, in violation of 15 U.S.C. § 1692g(a)(4).

23. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24. As a result of the Defendant's violations of the FDCPA, the Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k.

**VIII. REQUEST FOR RELIEF**

The Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendant's collection letter attached hereto as Exhibit "1" violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(10) and 1692g(a)(4);

c. Award the Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      d.      Award the Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3); and

      e.      Award the Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
     Fred W. Schwinn, Esq.
     Attorney for Plaintiff
     HERMINIA LORENZO CRUZ

### **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, HERMINIA LORENZO CRUZ, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.